JUSTICE WHEAT,
dissenting.
¶18 I respectfully dissent from the majority. I would reverse and remand because the District Court resolved issues of disputed fact. In my opinion, the maj ority overlooks the dispute of material fact between Fishman and GRBR as to whether Fishman’s slipping during the ride was an inherent danger or condition of equine activity, or if it was a product of improper equipment inspection.
¶19 GRBR knew the cinch was loose during the safety check when Fishman began to slip. GRBR attributed the slip to a shift in weight by Fishman and directed him accordingly to keep his weight centered. Fishman and other riders were then taken out on the trail. While on the trail, Fishman’s saddle again slipped; this time Fishman had to jump off the horse. The majority states that “the fact that the cinch nonetheless loosened during the ride underscores that this occurrence is an inherent danger or condition of equine activity.” Opinion, ¶ 15. However, this characterization of the saddle slippage erroneously ignores that the cinch was not tightened properly by GRBR prior to hitting the trail.
¶20 Further, GRBR was on notice that Fishman’s cinch was loose through observations during the safety inspection and through Fishman’s own communications with the trail guide. However, the majority side-stepped the safety inspection dispute by stating “Fishman makes no showing whatsoever that these inspections were not performed ‘reasonably and prudently,’ as required by § 27-1-727(3)(a)(i), MCA, for his claim.” Opinion, ¶ 15. The majority also concludes the communications between Fishman and GRBR as “not material to whether the accident was caused by an inherent risk and whether the equipment was reasonable and prudently inspected.” Opinion, ¶ 16. In my opinion, such conclusions overlook the dispute of fact as to whether the cinch was not reasonably and prudently inspected by GRBR after they observed that the cinch was loose or that the cinch became loose during the ride as a condition of equine activity. This dispute of fact should be left for a jury to resolve.
¶21 This Court has long adhered to the proposition that “summary judgment is an extreme remedy that should never be a substitute for a trial on the merits if a controversy exists over a material fact.” Corporate Air v. Edwards Jet Ctr. Mont. Inc., 2008 MT 283, ¶ 24, 345 Mont. 336, 190 P.3d 1111. The majority interprets the Equine *47 Activities Act too narrowly and thereby deprives an injured person of the right to have the facts of their claim decided by a jury rather than by a judge’s expansive interpretation of an immunity statute.
¶22 For these reasons, I dissent.